DICKSON, Justice,
dissenting.
I dissent, believing that the Court's opinion expands the division of marital property contrary to statute, intrudes upon the legislature's public policy prerogatives, and significantly and harmfully disrupts Indiana marriage dissolution law and practice.
Today's revision of the present understanding of divisible property to now include vested future entitlements to health insurance benefits is predicated upon Indiana Code § 31-9-2-98(b), which desig *159 nates the property subject to division in a marriage dissolution as follows:
(b) "Property" ... means all the assets of either party or both parties, including:
(1) a present right to withdraw pension or retirement benefits;
(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage; and
(3) the right to receive disposable retired or retainer pay (as defined in 10 U.S.C. 1408(a)) acquired during the marriage that is or may be payable after the dissolution of marriage.
Id. (emphasis added). As to the entitle ment to receive future retirement health insurance benefits, which falls within only subsection (b)(2) above, the legislature has designated the vested rights defined in Section 411 of the Internal Revenue Code.
Section 411, however, includes an important express limitation. It states that "normal retirement benefit{s]" are to be "determined without regard to-(A) medical benefits, and (B) disability benefits not in excess of the qualified disability benefit." 26 U.S.C. § 41l1(a)(9). By specifically referencing Section 411, the legislature has thus indicated its intent to exclude medical benefits from marital property subject to division.
Today's decision, in my view, represents a substantial departure not only from legislative direction and intent but also from the common practice and understanding relating to the division of vested future interests in dissolution cases. One extremely troubling application of today's ruling is its impact in dissolution cases involving Hoosiers with retirement medical benefits from their United States military service. Active duty military members receive exceptional benefits for their years of service upon retirement. One of those benefits includes lifetime health insurance care through the TriCare system.[7] The military member's benefit can vest at the age of thirty-eight and continue for the rest of the retiree's life. This benefit extends to the military retiree's dependants, which includes the spouse of the retiree.[8] In the event of a marriage dissolution, however, the non-military spouse will almost always lose this benefit.[9] Under today's holding, the military retiree's health benefits would be considered divisible marital property and often warrant a sizeable valuation because of the potentially lengthy time the military retiree would be eligible for the lifetime benefit. The resulting inclusion of its present value as marital property would likely preclude a divorcing military retiree from retaining any other marital property and require post-dissolution periodic property settlement payments to the non-military former spouse. I seriously doubt that our legislature intended such potentially catastrophic results.
Today's holding also introduces other substantial challenges to the valuation and equitable distribution of marital property as parties and courts attempt to apply this new standard to the wide variety of non- *160 pension, assured future benefit packages that are becoming more commonplace with many employers. For example, Hewlett, Packard (HP) provides discounts to its retirees, allowing them to purchase HP products ranging from laptops to printer ink cartridges at a reduced price.[10] The airline industry is known for its retirement benefits that can include free flights for its employees and retirees, giving them the value of flying to any destination worldwide that is serviced by the airline. Some automobile manufacturers also have a benefit package for their employees and retirees. General Motors (GM) and Ford Motor Company both provide their employees discounts on periodic vehicle purchases.[11] Furthermore, many companies, such as Verizon have teamed up with other companies to offer non-monetary benefits to their retirees.[12] Some of these benefits include discounts at Barnes & Noble, Dell Computers, 1-800-Flowers, National Car Rental, and Sears Commercial.[13] All of these benefits have potential but speculative value to the beneficiary and provide no direct monetary compensation to the designated beneficiary. Assigning a present value to such vested benefits will be a formidable if not impossible task.
Believing that today's decision is contrary to statute, intrudes upon legislative policy-making, and harmfully disrupts existing dissolution property division law, I dissent.

. TriCare, http://tricare.mil/mybenefit/home/ overview/Eligibility? (last visited Sept. 15, 2010).

. Id.

. TriCare, http://tricare.mil/mybenefit/home/ overview (last visited Sept. 15, 2010). The former spouse may retain this benefit as long as: (a) he or she does not remarry, (b) he or she was married to the same military retiree for at least twenty years, (c) the military retiree has at least twenty years of creditable service towards determining retirement pay, and (d) the marriage and creditable service substantially overlap. Id.

. HP Retirees: Employee Purchase Program, http://www.hp.com/retiree/epp.html (last visited Sept. 15, 2010).

. See GM Family First, https://www. gmfamilyfirst.com/ip-gmemployee/; Ford Motor Company, http://www.ford.com/about-ford/careers/careers-benefits (last visited Sept. 15, 2010).

. See Verizon, http://www22.verizon.com/ content/retiree/your + discounts/other + discounts/other+discounts.htm (last visited Sept. 15, 2010). |

. Id.